IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAUL EZRA RHOADES, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. CV 97-170-S-EJL |
| v. ) | |
| ) | |
| DAVE PASKETT, Warden of the Idaho ) | **MEMORANDUM ORDER** |
| State Prison; and ALAN LANCE, ) | |
| Attorney General of the State of Idaho, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

The Court previously denied Petitioner's remaining two habeas claims and entered judgment dismissing this case. (Docket Nos. 66 & 67.) Currently before the Court is Petitioner's Motion to Alter and Amend the Memorandum Decision and Order and Judgment. (Docket No. 68.) For reasons that follow, the Motion will be denied.

**I.**

**STANDARD OF LAW**

Because Petitioner filed his Motion within ten days of judgment, it shall be construed as a request for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. *American Ironworks & Erectors, Inc., v. North American Constructors Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A losing party cannot use a motion to reconsider as a means

**Order - 1**

to relitigate old matters or to raise arguments that could have been raised before the entry of judgment. *Id.*

## II.

## DISCUSSION

Petitioner's request for reconsideration focuses on the denial of his first claim for relief. In that claim, Petitioner alleged that his constitutional privilege against self-incrimination was violated when police officers continued to question him in the absence of a valid waiver of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), or after he had actually invoked his right to silence. In an effort to show that he had exercised his right to silence, Petitioner attempted to rely on deposition testimony that Detective Dennis Shaw provided in 1996 in the Bonneville County capital habeas case. In particular, Shaw testified that while he was transporting Petitioner to a highway patrol substation, he began questioning Petitioner about an unrelated burglary, to which Petitioner responded that "he didn't want to talk about it." (Shaw Deposition, pp. 81-82.) Shaw had also prepared a police report that included this same information.

This Court concluded that Petitioner had not shown reasonable diligence in developing these additional facts in state court and, consequently, that 28 U.S.C. § 2254(e)(2) prevented him from doing so here. (Docket No. 66, pp. 11-12.) Petitioner now challenges that decision, arguing that the State concealed the evidence until it was uncovered during Shaw's deposition. The Court is not persuaded.

As an initial matter, Petitioner's current argument is similar to the one that he made

**Order - 2**

before judgment was entered. (Docket No. 62, pp. 2-5.) A motion to reconsider cannot be used to recast the same arguments that were presented earlier in a case. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

In any event, Petitioner has not provided the Court with a compelling reason to reconsider its judgment. While it may be true that Detective Shaw testified about this matter for the first time in 1996, Petitioner has failed to come forward with any evidentiary support for his contention that the State concealed the underlying facts until then and, therefore, that he could not have discovered and developed those facts during the state court proceeding through the exercise of reasonable diligence.[1] *See Williams v. Taylor*, 529 U.S. 420, 432 (2000) (lack of diligence may be attributable to either "the prisoner or the prisoner's counsel"). Further, Petitioner clearly knew of the evidence at least since 1996, but he has never attempted to present it in support of a claim for state post-conviction relief in this case.

---

[1] Indeed, other evidence suggests that the contrary is true. In sworn testimony in the Michelbacher habeas case, Petitioner's trial counsel seem to indicate that they had seen Shaw's police report containing this same information, though they could not recall precisely when, and that they may have simply overlooked the import of these facts. *See* Case No. 93-156-S-EJL; Hart Depo., pp. 91, 94, 98; Radin Depo., p. 40; Affidavit of Stephen S. Hart (Docket No. 138); Affidavit of John Radin (Docket No. 139, ¶ 11). The Court will take judicial notice of this portion of the Michelbacher record to the extent that it bears on the issue of Petitioner's diligence.

Similarly, the Court is not persuaded by Petitioner's argument that it committed an error by considering the existence of the police report solely as it pertains to the preliminary question of diligence.

**Order - 3**

Based upon the foregoing, Petitioner's Motion to Alter or Amend shall be denied.

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Alter or Amend (1) Memorandum Decision and Order and (2) Judgment (Docket No. 68) is DENIED.



DATED: **December 4, 2006**

Honorable Edward J. Lodge
U. S. District Judge